25 F.3d 1047
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Deborah COKER, as next friend on behalf of Craig Coker,
Plaintiff-Appellant,
v.
James HENRY, Cindy Doyle and Rick Zimmerman, Defendants-Appellees.
 No. 93-1354.
 United States Court of Appeals, Sixth Circuit.
 May 25, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 The plaintiff, Craig Coker, brought this suit under 42 U.S.C. Sec. 1983, alleging that the social workers involved in his foster care placement violated his substantive and procedural due process rights by putting him in a home with another child, Cimmeron Frye, who was known to have sexual and behavioral problems. Frye allegedly abused Coker in the bedroom which they shared. The defendants argued below that they had qualified immunity as to plaintiff's substantive due process claim, and that plaintiff's procedural due process claim failed to state a claim for which relief could be granted. The district court agreed and dismissed the complaint in its entirety, finding that defendants were entitled to qualified immunity because foster children's rights to be free from unnecessary harm were not clearly established at the time of the conduct alleged in the complaint. The district court also held that the pertinent Michigan statutes and regulations do not create any procedural due process interests. Coker v. Henry, 813 F.Supp. 567 (W.D.Mich.1993). Plaintiff timely filed this appeal of the district court's decision. For the reasons stated below, we affirm.
 
 
 2
 This case was argued in tandem with Lintz v. Skipski, 93-1430, which also involved qualified immunity in the foster care setting. The immunity issue is essentially the same for both cases and we adopt here the relevant portion of our opinion in Lintz. We decided in Lintz that a foster child's right to be free from unnecessary harm was not clearly established in the Sixth Circuit before this Court's decision in Meador v. Cabinet for Human Resources, 902 F.2d 474, 476 (6th Cir.), cert. denied, 498 U.S. 867 (1990). To defeat qualified immunity, a plaintiff must first demonstrate that the defendant has violated a clearly established right. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The conduct alleged in this complaint ended in May 1989, fully one year before a foster child's right to protection arguably became clearly established. Accordingly, the defendants are entitled to qualified immunity for their conduct during the period of time alleged in this complaint.
 
 
 3
 Coker alleges an additional claim not raised in Lintz: that Michigan statutes and regulations create procedural due process rights on behalf of children in the foster care setting. Coker contends that Michigan's statutory scheme creates entitlements of which he cannot be deprived without due process of law. Board of Regents v. Roth, 408 U.S. 564 (1972). To create such liberty and property interests, the state scheme must place substantive limitations on the discretion of state officials. Washington v. Starke, 855 F.2d 346, 349 (6th Cir.1988). The district court granted defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6), for failure to state claim upon which relief can be granted, holding that none of the statutes relied on by plaintiff contained the mandatory language necessary to create an interest protected by the Due Process Clause.
 
 
 4
 Plaintiff argues that the Michigan scheme places substantive limitations on official discretion in three separate sections: the Michigan Child Protection Law, the Child Care Organizations Law and an administrative rule on the placement of children in foster homes.[1] As noted by the district court, the provisions relied on by plaintiff have nothing to do with the factual allegations in the complaint. Simply put, the statutes do not stand for the propositions plaintiff asserts, and they do not prohibit the conduct complained of here. The plaintiff's contention that the provisions contain the necessary mandatory language to create due process entitlements does not withstand serious scrutiny.
 
 
 5
 In a procedural due process case under Sec. 1983, a plaintiff must allege that state remedies are inadequate to correct the due process violation in addition to proving the substantive wrong. Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). We stated in Vicory that:
 
 
 6
 the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate. In a procedural due process case under section 1983, the plaintiff must attack the state's corrective procedure as well as the substantive wrong. In the instant case the plaintiff has neither alleged nor shown any significant deficiency in the state's remedies.
 
 
 7
 Id. at 1066. Similarly, Coker's three complaints fail to plead sufficient facts or even to allege that the state remedies available in Michigan are inadequate.
 
 
 8
 Our decision in Lintz that social worker liability in the foster care setting was not clearly established before the Meador decision is determinative of that issue in this case. The district court's dismissal on this ground is AFFIRMED. Furthermore, the statutes and regulations relied on by plaintiff do not create any interest or entitlement protected by the Due Process Clause, nor has plaintiff alleged that state remedies are inadequate in this case. The district court's ruling that this cause of action be dismissed for failing to state a claim under Rule 12(b)(6) is therefore AFFIRMED.
 
 
 9
 This case is not recommended for publication in the Federal Reporter.
 
 
 
 [1]
 Mich.Comp.Laws Ann. Sec. 722.621 et seq. (West 1993); Mich.Comp.Laws Ann. Sec. 722.111 et seq. (West 1993); Mich.Admin.Code r. 400.6230 (Supp.1980)